TIMOTHY COURCHAINE
United States Attorney
District of Arizona

MARIA R. GUTIERREZ
Arizona State Bar No. 026659
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Maria.Gutierrez@usdoj.gov
Attorney for Plaintiff

FILED ✓    LODGED ___
RECEIVED ___    COPY ___

MAR 1 1 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

**SEALED**

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>1.　Juan Jesus Estevez,<br>　　(Count 1)<br><br>2.　Jose Daniel Medina, and<br>　　(Counts 1 and 2)<br><br>3.　Christian Alberto Pereida Ramirez,<br>　　(Count 1)<br><br>　　　　　Defendants. | No.　CR-25-00383-PHX-KML (ASB)<br><br>**INDICTMENT**<br><br>VIO:　18 U.S.C. § 371<br>　　　(Conspiracy)<br>　　　Count 1<br><br>　　　18 U.S.C. §§ 922(g)(1) & 924(a)(8)<br>　　　(Felon in Possession of a Firearm(s)<br>　　　and Ammunition)<br>　　　Count 2<br><br>　　　18 U.S.C. §§ 924(d) and 981<br>　　　21 U.S.C. § 853<br>　　　28 U.S.C. § 2461(c)<br>　　　(Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

At all times material to this indictment, within the District of Arizona and elsewhere:

**COUNT 1**

**INTRODUCTION**

1.　　Only licensed firearms importers, manufacturers, or dealers may engage in the business of dealing in firearms or in the course of such business may ship or transport firearms in interstate and foreign commerce.

2. The transport, shipment, and exportation of certain firearms from the United States to Mexico require a license from the United States Department of Commerce. At all times relevant to this indictment, non-automatic, semi-automatic, and fully automatic firearms to caliber .50 inclusive, and all components and parts for such firearms, and their ammunition, were listed items on the Export Control Reform Act; thus, requiring a license to transport, ship, and export from the United States.

3. At all times relevant to this indictment, Defendants JUAN JESUS ESTEVEZ, JOSE DANIEL MEDINA, and CHRISTIAN ALBERTO PEREIDA RAMIREZ were not licensed under the provisions of Chapter 44 of Title 18, United States Code to deal in firearms, and did not possess a license from the United States Department of Commerce to export or send firearms and ammunition from the United States to Mexico.

4. At all times relevant to this indictment, Defendants JUAN JESUS ESTEVEZ, JOSE DANIEL MEDINA, and CHRISTIAN ALBERTO PEREIDA RAMIREZ knew and had reasonable cause to believe that the persons receiving the firearms and ammunition in Mexico were not residents of Arizona.

**Conspiracy to Acquire Firearms and Ammunition to Smuggle from the United States**

5. From on or about July 2024, through on or about March 10, 2025, in the District of Arizona and elsewhere, Defendants JUAN JESUS ESTEVEZ, JOSE DANIEL MEDINA, and CHRISTIAN ALBERTO PEREIDA RAMIREZ did knowingly and intentionally combine, conspire, confederate, and agree together and with persons known and unknown to the grand jury, to commit the following offenses against the United States:

(1) Title 18, United States Code, Section 554(a), Smuggling Goods from the United States, namely firearms and ammunition, in violation of any law or regulation of the United States, to wit: Title 50, United States Code, Section 4819, and Title 15, Code of Federal Regulations, Parts 736.2, 738, and 774.

6. Further, from on or about July 2024, through on or about March 10, 2025, Defendants JUAN JESUS ESTEVEZ, JOSE DANIEL MEDINA, and CHRISTIAN

ALBERTO PEREIDA RAMIREZ unlawfully conspired to acquire firearms and ammunition for the purpose and with the intention of sending and exporting the firearms and ammunition from the United States to Mexico contrary to federal law and regulations; and otherwise facilitated the export of acquired firearms and ammunition from the United States to Mexico contrary to federal law and regulations, including (i) federal firearms laws and regulations, and (ii) U.S. export control laws and regulations, specifically exporting and sending firearms and ammunition from the United States to Mexico, without having applied for or obtaining any license from the Department of Commerce, in violation of 18 U.S.C. § 554(a).

## Purpose of the Conspiracy

7.    The purpose of this conspiracy was to (i) unlawfully acquire firearms and ammunition at the direction of and on the behalf of other individuals not residing in Arizona, and (ii) illegally export and send firearms and ammunition to the true purchasers and end users who resided in Mexico. The firearms and ammunition that were acquired to be exported and sent from the United States to Mexico, included:

- 40,000 rounds of 7.62 x 39 mm caliber ammunition by TelaAmmo;
- 5,000 rounds of 7.62 x 39 mm caliber ammunition by TelaAmmo;
- one Arcadia Machine and Tool, model Automag II, .22 LR caliber pistol, serial number H44238;
- one Walther, model Colt Rail Gun, .22 LR caliber pistol, serial number WD090401;
- one Glock, model 25, .380 ACP caliber pistol, serial number AHUL006;
- one Armscor, model M1911A2-FS, .22 TCM caliber pistol, serial number TCM049529;
- one Glock, model 44, .22 LR caliber pistol, serial number AHNM634;
- one Glock, model 17 Gen 5, 9 x 19 mm caliber pistol, serial number CESB472;
- one Armscor, model M1911A2-FS, .22 TCM caliber pistol, serial number TCM051525;
- one Glock, model 34 Gen 5, 9 x 19 mm caliber pistol, serial number CCCV759;

- 3 -

- one Glock, model 17 Gen 5, 9 x 19 mm caliber pistol, serial number CEHS740;
- one Glock, mode 17 Gen 5, 9 x 19 mm caliber pistol, serial number CDVE822;
- 20,000 rounds of 7.62 x 39 mm caliber ammunition by TelaAmmo; and
- 1,000 rounds of .380 ACP caliber ammunition by Precision One.

**The Means and Method of the Conspiracy**

8.     The means and methods employed by Defendants JUAN JESUS ESTEVEZ, JOSE DANIEL MEDINA, CHRISTIAN ALBERTO PEREIDA RAMIREZ, and their known and unknown coconspirators to carry out the conspiracy and effect its unlawful object are as follows:

a) It was part of the conspiracy that certain Defendants would receive orders and directions regarding the acquisition of firearms and ammunition from purchasers who resided in Mexico for delivery to, and to use in, Mexico.

b) It was further part of the conspiracy that certain Defendants would coordinate the delivery of money to purchase the firearms and ammunition to other Defendants who were purchasing the items.

c) It was further part of the conspiracy that certain Defendants would purchase the firearms and ammunition in the District of Arizona.

d) It was further part of the conspiracy that certain Defendants would purchase firearms and ammunition at the direction of, and on behalf of, the other Defendants and/or co-conspirators in exchange for payment.

e) It was further part of the conspiracy that, after the firearms and ammunition were purchased, certain Defendants would coordinate the delivery of the purchased firearms and ammunition to other Defendants or other coconspirators who were exporting and sending the firearms and ammunition from the United States to Mexico.

f) It was further part of the conspiracy that certain Defendants would acquire firearms and ammunition for the purpose and with the intention of exporting and sending said firearms and ammunition to the true purchasers and end users in

Mexico in violation of federal law and regulations.

g) It was further part of the conspiracy that, following each firearm and ammunition purchase, certain Defendants and coconspirators known and unknown to the grand jury would conspire, confederate, and agree to knowingly export and send from the United States said firearms and ammunition to Mexico without having applied for or obtaining any necessary license from the Department of Commerce.

## Overt Acts

9.    In furtherance of the conspiracy, one or more of the Defendants and co-conspirators committed, or caused to be committed, the overt acts described below:

a) On September 14, 2024, Defendant CHRISTIAN ALBERTO PEREIDA RAMIREZ entered the United States from Mexico at the port of entry in Nogales, Arizona, in a white van bearing Arizona license plate NEA14V (hereinafter referred to as the "white van").

b) On September 15, 2024, Defendant CHRISTIAN ALBERTO PEREIDA RAMIREZ drove to Phoenix, Arizona, to purchase 40,000 rounds of 7.62 x 39 mm caliber ammunition.

c) On September 15, 2024, Defendant CHRISTIAN ALBERTO PEREIDA RAMIREZ used the white van to transport the 40,000 rounds of 7.62 x 39 mm caliber ammunition from Phoenix, Arizona, on Interstate 10 towards Tucson, Arizona.

d) On December 11, 2024, Defendant CHRISTIAN ALBERTO PEREIDA RAMIREZ used a silver Cadillac to transport 5,000 rounds of 7.62 x 39 mm caliber ammunition from Phoenix, Arizona, on Interstate 10 towards Tucson, Arizona.

e) On February 12, 2025, Defendant JUAN JESUS ESTEVEZ entered the United States from Mexico at the port of entry in Nogales, Arizona.

f) On February 12, 2025, Defendant JOSE DANIEL MEDINA entered the United

- 5 -

States from Mexico at the port of entry in Nogales, Arizona, in a Honda Pilot bearing Arizona license plate 3ZA9ZN (hereinafter referred to as the "Honda Pilot").

g) On February 12, 2025, Defendant JUAN JESUS ESTEVEZ used the white van to drive from Nogales, Arizona to a shopping mall in Tempe, Arizona.

h) On February 12, 2025, Defendant JOSE DANIEL MEDINA used the Honda Pilot to drive from Nogales, Arizona to a shopping mall in Tempe, Arizona.

i) On February 12, 2025, Defendants JUAN JESUS ESTEVEZ and JOSE DANIEL MEDINA obtained firearms and ammunition from an individual at the parking lot of the shopping mall in Tempe, Arizona.

j) On February 12, 2025, Defendants JUAN JESUS ESTEVEZ and JOSE DANIEL MEDINA transferred the firearms and ammunition they obtained from the individual in the parking lot of the shopping mall in Tempe, Arizona, to the Honda Pilot.

k) On February 12, 2025, Defendants JUAN JESUS ESTEVEZ and JOSE DANIEL MEDINA transferred the firearms and ammunition they obtained from the individual in the parking lot of the shopping mall in Tempe, Arizona, from the Honda Pilot to the white van.

l) On February 12, 2025, Defendants JUAN JESUS ESTEVEZ and JOSE DANIEL MEDINA used the Honda Pilot to travel to a park in Phoenix, Arizona.

m) On February 12, 2025, Defendants JUAN JESUS ESTEVEZ and JOSE DANIEL MEDINA obtained firearms from individual(s) in a red Cadillac at the parking lot of the park in Phoenix, Arizona.

n) On February 12, 2025, Defendants JUAN JESUS ESTEVEZ and JOSE DANIEL MEDINA transferred the firearms they obtained from the individual(s) in the parking lot of the park in Phoenix, Arizona, to the white van.

o) On February 12, 2025, Defendant JUAN JESUS ESTEVEZ used the white van to transport the firearms and ammunition from Tempe, Arizona, on Interstate 10.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

On or about February 12, 2025, in the District of Arizona, Defendant JOSE DANIEL MEDINA, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearms and ammunition, that is, (1) one Arcadia Machine and Tool, model Automag II, .22 LR caliber pistol, serial number H44238; (2) one Walther, model Colt Rail Gun, .22 LR caliber pistol, serial number WD090401; (3) one Glock, model 25, .380 ACP caliber pistol, serial number AHUL006; (4) one Armscor, model M1911A2-FS, .22 TCM caliber pistol, serial number TCM049529; (5) one Glock, model 44, .22 LR caliber pistol, serial number AHNM634; (6) one Glock, model 17 Gen 5, 9 x 19 mm caliber pistol, serial number CESB472; (7) one Armscor, model M1911A2-FS, .22 TCM caliber pistol, serial number TCM051525; (8) one Glock, model 34 Gen 5, 9 x 19 mm caliber pistol, serial number CCCV759; (9) one Glock, model 17 Gen 5, 9 x 19 mm caliber pistol, serial number CEHS740; (10) one Glock, model 17 Gen 5, 9 x 19 mm caliber pistol, serial number CDVE822; (11) 20,000 rounds of 7.62 x 39 mm caliber ammunition by TelaAmmo; and (12) 1,000 rounds of .380 ACP caliber ammunition by Precision One, said firearms and ammunition having been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 through 2 of this indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Sections 853, and Title 28, United States Code, Section 2461(c), upon conviction of the offense alleged in Counts 1 through 2 of this indictment, the defendants shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any property used, or intended to be used, in any manner

- 7 -

or part, to commit, or to facilitate the commission of such offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Sections 853, and Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*s/*
_____
FOREPERSON OF THE GRAND JURY
Date:  March 11, 2025

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/*
_____
MARIA R. GUTIERREZ
Assistant U.S. Attorney

- 8 -